Section 31 of the Public Service Commission Law provides that:

"No common carrier shall, directly or indirectly, by any special rate, rebate, drawback, or other device or method, charge, demand, collect or receive from any person or corporation a greater or less compensation for any service rendered or to be rendered in the transportation of *passengers, freight or property*, except as authorized in this act, than it charges, demands, collects or receives from any other person or corporation for doing a like and contemporaneous service in the transportation of a like kind of traffic under the same or substantially similar circumstances and conditions."

A provision in section 33 provides for the issuance of mileage, excursion, and commutation tickets; but, in these, before they can become effective, copies of the tariff proposed must be filed with the Commission, and, besides, the clear intent of this provision is that mileage, excursion, or commutation rates shall apply to all persons who desire to take advantage of them alike. It is not claimed that a $7.80 rate from Adams to New York and return had been so filed, or that any person other than the defendant had been given such a rate. Neither from the language nor from the purpose of the law can any distinction be drawn between discrimination in passenger and discrimination in freight rates, and in my opinion the same rules govern both.

The judgment of the Justice's Court is therefore reversed, with costs.

---

## SHORT v. CORNING & P. P. ST. RY.

### (Steuben County Court. June 18, 1915.)

INFANTS ☞81—GUARDIAN AD LITEM—NECESSITY OF BOND—APPOINTMENT BY CITY COURT—JUDGMENT—"ENFORCEMENT."

　　Code Civ. Proc. § 2887, provides for appointment of a guardian ad litem by a justice of the peace. Section 3071, relating to appeals from Justice Court, and new trial in the County Court, provides that the proceedings, including "enforcement" and review of the judgment, are the same as if the action had been commenced in the appellate court. *Held*, that the word "enforcement" indicated that the same means should be taken for the collection of the judgment by execution, as though the action had been originally brought in the County Court, and that section 474, forbidding guardians to receive money or property of an infant without giving bond, and general rules of practice 49–51, relating to guardians ad litem, applied only to guardians ad litem in courts of record appointed pursuant to sections 468–477; and hence a guardian appointed in a City Court, pursuant to section 2887, was not required to give a bond

before issuance of an execution on a judgment rendered in his favor on appeal to the County Court.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 222–229; Dec. Dig. ☞81.]

Action by Harry Short, by his guardian ad litem, against the Corning & Painted Post Street Railway. Motion to set aside an execution issued on a judgment for the plaintiff, rendered in County Court on appeal from the City Court of Corning. Motion denied.

James O. Sebring, of Corning, for plaintiff.

Stanchfield, Lovell, Falck & Sayles, of Elmira, for defendant.

CHENEY, J.   This action was originally brought in the Corning City Court, and John J. Short, the father of Harry Short, was appointed the guardian ad litem of Harry Short by the Corning city judge, pursuant to section 2887 of the Code of Civil Procedure. Plaintiff recovered a judgment in City Court, and the defendant appealed from that judgment for a new trial in Steuben County Court. Upon the trial of the action in Steuben County Court, the plaintiff recovered a verdict, and judgment was entered upon that verdict for $162.64. On or about the 27th day of January, 1915, the plaintiff's attorney issued an execution upon said judgment and delivered it to one of the deputy sheriffs of Steuben county. Defendant's attorneys thereupon moved for an order setting aside said execution because of the failure of the guardian ad litem to furnish a proper bond.

Section 474 of the Code of Civil Procedure does not apply to the guardian ad litem in this action. That section expressly applies to a guardian ad litem appointed as prescribed in article 4 of said act. The guardian ad litem in this case was appointed pursuant to section 2887 of the Code of Civil Procedure. Rule 51 of the general rules of practice was not intended to apply to a case like the one under consideration. Rules 49, 50, and 51 of the general rules of practice all apply to guardians ad litem. Rule 49 prescribes who may be appointed as a guardian ad litem, and the requirements of rule 48 have never been applied to a guardian appointed in a Justice Court pursuant to section 2887. Rule 50 makes it the duty of every attorney or officer of the court to act as the guardian of an infant defendant, etc. Rule 50 does not have any application to a guardian ad litem appointed in Justice Court. In my opinion rule 51 applies only to guardians ad litem appointed in courts of record and to the same guardians ad litem referred to in rules 49 and 50.

Section 3071 of the Code of Civil Procedure, regarding appeals from Justice Court for a new trial in County Court, provides that after the expiration of ten days from the filing of the justice's return the action is deemed an action at issue in the appellate court, and—

"all the proceedings therein, including the entry, *enforcement*, and review of the judgment, are the same as if the action had been commenced in the appellate court, except as otherwise specially prescribed in this chapter."

The word "enforcement," as used in that section, indicates that the same means shall be taken for the collection of the judgment by

execution, etc., as though the action had been originally brought in County Court. I am of the opinion that it does not intend to make section 474 of the Code applicable to such a case, and that section only applies to a guardian ad litem appointed pursuant to the provisions of article 4, title 2, chapter 5, of the Code of Civil Procedure.

If the guardian ad litem in this action, who was appointed in the City Court, could have collected a City Court judgment up to the amount of $200 without giving security, I can see no reason why the same guardian should be required to give security upon a judgment of less than $200 recovered in the same action commenced in a court not of record, because of the fact that the defendant saw fit to appeal that action and demand a new trial in County Court. Such undertaking should not be required, unless demanded by law or the rules of the court. I do not find that this question has been passed upon by the courts of this state.

The requirement of an undertaking executed by a surety company authorized to do business in this state in double the amount of the judgment, or a bond secured by a mortgage on improved and incumbered real property, is a requirement that does not seem necessary or reasonable to protect an infant for an amount that he recovered in an action brought in Justice Court. The expense of such an undertaking would be considerable. I do not believe the sections of the Code or the rules of practice referred to were intended to apply to a special guardian appointed pursuant to section 2887.

The motion to vacate the execution is therefore denied, but without costs.